

Eastern District of Kentucky
FILED
NOV 30 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-665-GWU

DEWEY CHAMBERS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff originally brought Chambers v. Barnhart, London Civ. Action No. 04-207-GWU (E.D. Ky.) to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). After a period of reconsideration prompted by the undersigned's Memorandum Opinion, Order and Judgment of March 21, 2005 (Tr. 429-445), the appeal is again before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

1

Chambers

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of

2

fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these

3

symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be

4

considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2

5

Chambers

and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term

6

Chambers

"framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

Although determining that the plaintiff's DIB claim was proper considering his Date Last Insured (DLI) of September 30, 2000 (Tr. 442), the Court had remanded for further consideration of the SSI claim filed July 8, 2002 (Tr. 374-6, 443-5). The ALJ had found that Mr. Chambers retained the residual functional capacity to perform medium level work which did not require literacy and involved only simple, non-detailed tasks, where public and co-worker contact was casual and infrequent, where supervision was direct and non-confrontational, and where changes in the workplace were infrequent and gradually introduced. (Tr. 20, 438). It was noted that it was improper to use the "grid" rules in the presence of non-exertional restrictions, and that the mental restrictions listed were not fully reflective of the opinions of state agency reviewing sources, who had determined that, for the period after the DLI, Mr.

7

Chambers would have a "moderately limited" ability to carry out detailed instructions, maintain attention and concentration for extended periods, interact appropriately with the general public, and respond appropriately to changes in the work setting. (Tr. 344-6, 443). It was further noted that the state agency reviewers had based their determination on an affective disorder (Tr. 348), saying nothing about the claimant's history of alcohol and other substance addiction problems (Tr. 348, 443).

On remand, the ALJ accepted additional medical records, conducted a new hearing, and found that the plaintiff had "severe" impairments consisting of "questionable ongoing alcohol abuse/dependence," "possible" drug abuse, hepatitis C, degenerative disc disease of the cervical spine, a dysthymic disorder, a panic disorder, a possible learning disability, a history of neck pain, atypical chest pain, gastroesophageal reflux disease, arthropathy, tobacco abuse, and "complaints of headaches, general malaise, low energy, heart problems and sleep disturbances." (Tr. 416-17). The ALJ presented a hypothetical question to a vocational expert (VE) (Tr. 719-20), in compliance with the prior remand, but did not change the hypothetical mental factors, thus failing to address one of the central factors for the remand.

While the ALJ found that there was no indication that Mr. Chambers would have a "disabling condition" if he totally abstained from alcohol (Tr. 413), he also found the presence of "severe" mental restrictions apart from alcohol abuse.

8

Nothing in the new medical records submitted, which include a brief hospitalization in March, 2004 for alcohol detoxification (Tr. 559-72) directly contradicts the restrictions previously given by the state agency sources, or establishes that Mr. Chambers would have <u>no</u> discrete mental impairments apart from alcohol abuse. Therefore, since the hypothetical question does not reflect the uncontradicted opinions of the state agency reviewers, as outlined in the prior Memorandum Opinion, the defendant has failed to carry her burden of showing that there are other jobs existing in the economy which Mr. Chambers can perform.

Although the plaintiff requests an immediate award of benefits, and the administrative failure to attend to the terms of the remand order is troubling, the Court is not convinced that the evidence of disability is compelling enough to warrant such an action at the present time. Therefore, a remand will be ordered for additional consideration.

There is an additional issue regarding the plaintiff's cardiac complaints. In May, 2004, the plaintiff was admitted to the Veterans Administration Medical Center complaining of chest pains and, at one point, apparently was found to have elevated cardiac enzymes, although there were no significant electrocardiogram changes (Tr. 519, 524), and an echocardiogram apparently showed no abnormalities (Tr. 514). Mr. Chambers signed out of the hospital against medical advice without obtaining an ordered Thallium stress test. (Tr. 519). Although Mr. Chambers subsequently

Chambers

asked his physician, Dr. Anthony Uy, for a release to return to work, Dr. Uy stated that he "could not clear him cardiac wise" to return to work without the Thallium stress test. (Tr. 680). As far as can be determined, clearance was never given. This is an additional issue that should be considered on remand.

The decision will be remanded for further consideration of the factors outlined in this opinion.

This the ___30___ day of November, 2006.

*[signature]*
G. WIX UNTHANK
SENIOR JUDGE